(90 South. 320)

## HAYES v. GILMORE.    (4 Div. 939.)

(Supreme Court of Alabama.   Oct. 13, 1921.)

**1. Trover and conversion ⬅66—Conversion of hogs held question for jury.**

In an action for conversion of hogs detained in defendant's inclosed pasture, whether there was a conversion *held* a question for jury.

**2. Evidence ⬅121(6)—Details of possession held admissible as res gestæ of conversion.**

In an action for conversion of hogs found by plaintiff in defendant's pasture, details of the occasion when defendant, according to plaintiff's theory of facts, was found in possession of property in dispute and asserted his right therein, such as a statement by defendant when process was served upon him that he would make bond for the hogs, were properly admitted as res gestæ.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by J. A. Gilmore against Curtis Hayes and another. From a judgment against him, the named defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

It appears from the evidence that plaintiff lived for awhile on the Tudd Hayes place and had the hogs for which the suit was brought on that place; that when he left the place he left the hogs there, and when he went to get them he found them in the pasture of. Curtis Hayes, adjoining the Tudd Hayes place. Process was issued and Curtis Hayes stated that he would make bond for the hogs. The defendant contended that the hogs were

his, and that he did not have any of the hogs belonging to Gilmore, and that he did not make bond for the hogs under the process. During the examination of the witness Gilmore, he was asked who was in possession of the Tudd Hayes place in the first part of the year 1916, and he replied, after objection by the defendant, "Laura Hayes, the widow of Tudd, was in possession." He was further asked, "When did you go out of possession of the part you worked in 1916? and after objection by the defendant, he was allowed to answer, "About the last of September, or the first of October." He was also asked, over the objection of the defendant relative to going out to the Hayes' place after the hogs, "You and Jeff Baxley and Alex May went out there to serve some papers?" And he answered, "Yes, sir." He was also asked, over the objection of the defendant, "Well just tell what was done when you went out there with the defendant?" and was permitted to answer, "Well, Curtis Hayes told them that he would come to town next morning and make bond for the hogs."

Farmer, Merrill & Farmer, of Dothan, for appellant.

Counsel insist that the evidence was improperly admitted, and they cite in support thereof 106 Ala. 1, 17 South. 328, and cases there cited. They further insist, without citation of authority, that the defendant was entitled to the affirmative charge.

Chapman & Lewis, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] Action of trover by appellee against appellant for the conversion of hogs. The real question between the parties was one of ownership, as to which, clearly enough, the evidence was in conflict. On this appeal the main contention is that there was no evidence to sustain the allegation of a conversion by defendant. The record, purporting to contain all the evidence, has had due consideration, and we find there enough to justify the trial court in submitting the case to the jury. There was evidence tending to show that plaintiff's hogs were detained in defendant's inclosed pasture, and that defendant then and there asserted his right to the possession of them as his property, and his purpose to maintain the right so asserted. This was evidence of an actionable conversion, a withholding of the property under a claim of title inconsistent with that of plaintiff, the true owner. 4 Mayf. Dig. p. 988, § 23, and cases there cited. Of course, we speak only of tendencies of the evidence. It follows that the

general affirmative charge requested by defendant was properly refused.

[2] Some rulings on evidence are assigned for error and argued in the brief; but they are not of a character to require extended treatment. The rulings in question admitted the details, the res gestæ, of the occasion when defendant, according to plaintiff's theory of the facts, was found in possession of the property in dispute and asserted his right therein. One or two of these matters verged upon immateriality, but there was no ruling prejudicial to defendant's case, nor any calling for a reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.